# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELHIN IVONNEE RODGERS,<br><br>              Plaintiff,<br><br>v.<br><br>JOSEPH, Officer; FRANK MCCOY, Chief of Police for the City of Oceanside; BEVERLY ALEXANDER, Chief of Police Secretary; RAY BELCHER, Police Captain; RON HARDY, Sergeant; and STATE OF CALIFORNIA CITY OF OCEANSIDE POLICE DEPARTMENT,<br><br>              Defendants. | Case No. 12-CV-2810-H-BGS<br><br>ORDER RE EX PARTE COMMUNICATION AND INAPPROPRIATE COMMUNICATION |

      On February 6, 2013, the Court issued an order concluding "that Defendants' motion is capable of resolution without oral argument and therefore vacates the hearing scheduled for February 11, 2013" (Doc. No. 11), pursuant to Local Civil Rule 7.1.d.1. The rule provides that a "judge may, in the judge's discretion, decide a motion without oral argument." In the same order, the Court granted the Defendants' motion to dismiss Plaintiff's complaint without prejudice and allowed the Plaintiff to "file an amended complaint within thirty days from the date of this order to cure the deficiencies in her first amended complaint, if she can do." (Doc. No. 11). All non-registered users of Case Management/Electronic Case Files (CM/ECF) were served via United States mail service and all registered users of CM/ECF were served

1  electronically. Since this matter had been submitted under Local Rule 7.1.d.1, the
2  motion hearing was not on the Court's February 11, 2013 calendar. The Court notes
3  that the calendar is posted publicly on the Court's website.

4        On February 11, 2013, a woman, later identified to the Court as the Plaintiff in
5  this matter, attended the Court's criminal calendar. The Courtroom Deputy Clerk
6  provided a copy of the February 6, 2013 order submitting the motion under Local
7  Rule 7.1.d.1 to the Plaintiff. A Deputy United States Marshal also advised the
8  Plaintiff that this matter was not on calendar, since this matter had been taken under
9  submission under Local Civil Rule 7.1.d.1.

10       Local Civil Rule 83.9 prohibits ex parte communication with the judge and
11 provides that "[e]xcept as otherwise provided by law, attorneys or parties to any
12 action or proceeding must refrain from writing letters to the judge, or otherwise
13 communicating with the judge unless opposing counsel is present." Since the Court
14 submitted the matter under Local Rule 7.1.d.1, opposing counsel was not present in
15 court on February 11, 2013.

16       Later that afternoon in a criminal proceeding, an individual from the gallery
17 interrupted criminal defense counsel and attempted to communicate with the Court
18 ex parte.[1] The Court requested the deputy marshal to remove the individual from the
19 courtroom. At the time of the interruption, the Court was discussing potential access
20 to the victim-witness with the prosecutors and criminal defense counsel in the
21 criminal matter. The Court reasonably inferred that the interrupting individual might
22 have a connection to the criminal matter and inquired of counsel if the interrupting
23 individual had any connection to the criminal matter. Criminal defense counsel
24 indicated to the Court that he was unaware of the interrupting individual's identity.
25 The Court was informed that the interrupting individual was the Plaintiff in this civil

---

27      [1] The Plaintiff interrupted a motion hearing in criminal case <u>USA v. Fonseca</u>,
28 case no. 12-CR-1434-H.

-2-

matter. After the Plaintiff was escorted out of the courtroom, the Court proceeded with the criminal case. Thereafter, the Plaintiff telephonically contacted chambers regarding this case. Chambers informed the Plaintiff that ex parte communication about the merits of a case is prohibited. See <u>Local Rule 83.9</u>.

The deputy marshal later informed the Court that the Plaintiff had sent an inappropriate email to a civil clerk of the U.S. Marshal's Office on February 3, 2013. The Court has reviewed the Plaintiff's email to the civil clerk and concludes that the communication is inappropriate.

The Court orders the Plaintiff to refrain from any ex parte communication with the Court and to refrain from disrupting any proceedings in court. See <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."). The Plaintiff is on notice that any violation of the Court's order or the Local Rules may result in sanctions, contempt of court, and any appropriate court action, including dismissal of her action. The Court reminds the Plaintiff that she may file an amended complaint within thirty days from the February 6, 2013 order to cure the deficiencies in her first amended complaint, if she can do.

Finally, the Court will provide a copy of this order and the Plaintiff's inappropriate email to Chief Judge Barry Ted Moskowitz. The Court orders the inappropriate email be filed under seal and accessible only by the Court, absent further order of the Court.

IT IS SO ORDERED.

DATED: February 13, 2013

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT