1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

EVELHIN IVONNEE RODGERS,

              Plaintiff,

      v.

JOSEPH, Officer; FRANK MCCOY,
Chief of Police for the City of Oceanside;
BEVERLY ALEXANDER, Chief of
Police Secretary; RAY BELCHER, Police
Captain; RON HARDY, Sergeant; and
STATE OF CALIFORNIA CITY OF
OCEANSIDE POLICE DEPARTMENT,

              Defendants.

Case No. 12-CV-2810-H-BGS

ORDER RE EX PARTE
COMMUNICATION AND
INAPPROPRIATE
COMMUNICATION

On February 6, 2013, the Court issued an order concluding "that Defendants'
motion is capable of resolution without oral argument and therefore vacates the
hearing scheduled for February 11, 2013" (Doc. No. 11), pursuant to Local Civil
Rule 7.1.d.1. The rule provides that a "judge may, in the judge's discretion, decide a
motion without oral argument." In the same order, the Court granted the Defendants'
motion to dismiss Plaintiff's complaint without prejudice and allowed the Plaintiff to
"file an amended complaint within thirty days from the date of this order to cure the
deficiencies in her first amended complaint, if she can do." (Doc. No. 11). All non-
registered users of Case Management/Electronic Case Files (CM/ECF) were served
via United States mail service and all registered users of CM/ECF were served

electronically. Since this matter had been submitted under Local Rule 7.1.d.1, the motion hearing was not on the Court's February 11, 2013 calendar. The Court notes that the calendar is posted publicly on the Court's website.

On February 11, 2013, a woman, later identified to the Court as the Plaintiff in this matter, attended the Court's criminal calendar. The Courtroom Deputy Clerk provided a copy of the February 6, 2013 order submitting the motion under Local Rule 7.1.d.1 to the Plaintiff. A Deputy United States Marshal also advised the Plaintiff that this matter was not on calendar, since this matter had been taken under submission under Local Civil Rule 7.1.d.1.

Local Civil Rule 83.9 prohibits ex parte communication with the judge and provides that "[e]xcept as otherwise provided by law, attorneys or parties to any action or proceeding must refrain from writing letters to the judge, or otherwise communicating with the judge unless opposing counsel is present." Since the Court submitted the matter under Local Rule 7.1.d.1, opposing counsel was not present in court on February 11, 2013.

Later that afternoon in a criminal proceeding, an individual from the gallery interrupted criminal defense counsel and attempted to communicate with the Court ex parte.[1] The Court requested the deputy marshal to remove the individual from the courtroom. At the time of the interruption, the Court was discussing potential access to the victim-witness with the prosecutors and criminal defense counsel in the criminal matter. The Court reasonably inferred that the interrupting individual might have a connection to the criminal matter and inquired of counsel if the interrupting individual had any connection to the criminal matter. Criminal defense counsel indicated to the Court that he was unaware of the interrupting individual's identity. The Court was informed that the interrupting individual was the Plaintiff in this civil

---

[1] The Plaintiff interrupted a motion hearing in criminal case USA v. Fonseca, case no. 12-CR-1434-H.

matter. After the Plaintiff was escorted out of the courtroom, the Court proceeded with the criminal case. Thereafter, the Plaintiff telephonically contacted chambers regarding this case. Chambers informed the Plaintiff that ex parte communication about the merits of a case is prohibited. See Local Rule 83.9.

The deputy marshal later informed the Court that the Plaintiff had sent an inappropriate email to a civil clerk of the U.S. Marshal's Office on February 3, 2013. The Court has reviewed the Plaintiff's email to the civil clerk and concludes that the communication is inappropriate.

The Court orders the Plaintiff to refrain from any ex parte communication with the Court and to refrain from disrupting any proceedings in court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."). The Plaintiff is on notice that any violation of the Court's order or the Local Rules may result in sanctions, contempt of court, and any appropriate court action, including dismissal of her action. The Court reminds the Plaintiff that she may file an amended complaint within thirty days from the February 6, 2013 order to cure the deficiencies in her first amended complaint, if she can do.

Finally, the Court will provide a copy of this order and the Plaintiff's inappropriate email to Chief Judge Barry Ted Moskowitz. The Court orders the inappropriate email be filed under seal and accessible only by the Court, absent further order of the Court.

IT IS SO ORDERED.

DATED: February 13, 2013

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT